BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4491/5748
    E-mail:    David.Ryan@usdoj.gov
               Amanda.Elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

APR - 3 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>        v.<br><br>JOSE HENRY AYALA CASIMIRO,<br>  aka "Henry Ayala,"<br>  aka "ayalahenry818"<br>  aka "Cocohennn,"<br>  aka "CocohennnnXdddd,"<br><br>     Defendant. | 2:25-MJ-1947-DUTY<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the

        following grounds:

    ☐  a.    present offense committed while defendant was on release

            pending (felony trial),

1   ☐   b.   defendant is an alien not lawfully admitted for
2            permanent residence; and
3   ☐   c.   defendant may flee; or
4   ☐   d.   pose a danger to another or the community.
5   ☒   2.   Pretrial Detention Requested (§ 3142(e)) because no
6            condition or combination of conditions will reasonably
7            assure:
8   ☒   a.   the appearance of the defendant as required;
9   ☒   b.   safety of any other person and the community.
10  ☐   3.   Detention Requested Pending Supervised Release/Probation
11           Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
12           § 3143(a)):
13  ☐   a.   defendant cannot establish by clear and convincing
14           evidence that he/she will not pose a danger to any
15           other person or to the community;
16  ☐   b.   defendant cannot establish by clear and convincing
17           evidence that he/she will not flee.
18  ☐   4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.
19           § 3142(e)):
20  ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")
21           (46 U.S.C. App. 1901 et seq.) offense with 10-year or
22           greater maximum penalty (presumption of danger to
23           community and flight risk);
24  ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
25           2332b(g)(5)(B) with 10-year or greater maximum penalty
26           (presumption of danger to community and flight risk);
27
28

☐    c.    offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐    d.    defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5.    Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐    a.    a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐    b.    an offense for which maximum sentence is life imprisonment or death;

☐    c.    Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

1    ☐    d.    any felony if defendant has two or more convictions for

2         a crime set forth in a-c above or for an offense under

3         state or local law that would qualify under a, b, or c

4         if federal jurisdiction were present, or a combination

5         or such offenses;

6    ☒    e.    any felony not otherwise a crime of violence that

7         involves a minor victim or the possession or use of a

8         firearm or destructive device (as defined in 18 U.S.C.

9         § 921), or any other dangerous weapon, or involves a

10        failure to register under 18 U.S.C. § 2250;

11   ☒    f.    serious risk defendant will flee;

12   ☐    g.    serious risk defendant will (obstruct or attempt to

13        obstruct justice) or (threaten, injure, or intimidate

14        prospective witness or juror, or attempt to do so).

15   ☐ 6.    Government requests continuance of _____ days for detention

16        hearing under § 3142(f) and based upon the following

17        reason(s):

18

19   _____

20   _____

21   _____

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1  ☐  7.  Good cause for continuance in excess of three days exists in

2        that:

3

4        _____

5        _____

6        _____

7        _____

8  Dated: April 3, 2025              Respectfully submitted,

9                                    BILAL A. ESSAYLI
                                      Acting United States Attorney
10

11                                   DAVID T. RYAN
                                      Assistant United States Attorney
12                                    Chief, National Security Division

13

14                                   _____
                                      AMANDA B. ELBOGEN
15                                    Assistant United States Attorney

16                                   Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28